IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MECHELLE R. MARTIN                                                    PLAINTIFF

vs.                                        Civil No. 2:13-cv-02150

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mechelle R. Martin  ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Supplemental Security Income ("SSI") under Title XVI of the Act.  The Parties have consented

to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her SSI application on April 26, 2007.  (Tr. 15, 226).  In her

application, Plaintiff claims to be disabled due to asthma, anxiety disorder, and bipolar disorder.  (Tr.

271).  At the administrative hearing in this matter on April 16, 2009, Plaintiff also alleged being

disabled due to carpal tunnel syndrome.  (Tr. 62).  Plaintiff alleges an onset date of January 1, 2005.[2]

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff originally alleged an onset date of April 26, 2007 but later amended that onset date to January 1, 2005.  (Tr. 15).

1

(Tr. 15).  This application was denied initially and again upon reconsideration.  (Tr. 112-114).  Thereafter, on March 19, 2008, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 146).

Plaintiff's original administrative hearing was held on January 23, 2009, and Plaintiff's supplemental administrative hearing was held on April 16, 2009.  (Tr. 57-111).  At this supplemental hearing, Plaintiff was present and was represented by Keith Blythe.  (Tr. 57-86).  Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing.  *Id.*  As of the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c).  (Tr. 61).  Plaintiff also testified at this hearing that she had only completed the seventh grade in school.  (Tr. 63).

On January 19, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 12-30).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 26, 2007, her application date.  (Tr. 17, Finding 1).  The ALJ determined Plaintiff had the following severe impairments: asthma, chronic obstructive pulmonary disease (COPD), facet hypertrophy of the lumbar spine, hypertension, obesity, bipolar disorder, and dependent personality disorder.  (Tr. 17, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 17-21, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 21-28, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant must avoid concentrated exposure to fumes, dusts, odors, gases, and other pulmonary irritants.  Further, the claimant can understand, remember, and carry out simple, routine, and repetitive tasks; can respond to usual work situations and ordinary work changes; can have incidental contact with supervisors and coworkers; but can have no contact with the general public.

*Id.*  "Light work" includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b) (2010).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW.  (Tr. 28, Finding 5).  The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy considering her age, education, work experience, and RFC.  (Tr. 29-30, Finding 9).  The ALJ heard testimony from the VE on this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as an assembler (example: toy assembler and bottle line attendant) with 10,969 such jobs in Arkansas and 571,519 such jobs in the national economy and such as inspectors and sorters (example: gasket inspector) with 1,609 such jobs in Arkansas and 127,194 such jobs in the national economy.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her application date of April 26, 2007.  (Tr. 29, Finding 10).

3

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 10). On April 3, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On June 7, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 7, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ did not properly develop the evidence in the record; (2) the ALJ improperly assessed her severe impairments; (3) the ALJ erred in his RFC determination; and (4) the ALJ erred in his Step Five determination.  ECF No. 13 at 1-21. Because the Court finds the ALJ erred by providing no basis for his determination that her carpal

tunnel syndrome was non-severe, the Court will only address Plaintiff's second argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff only had the following severe impairments: asthma, anxiety disorder, and bipolar disorder. (Tr. 271). The ALJ did not find Plaintiff's carpal tunnel syndrome was severe. *Id.* This is despite the fact Plaintiff alleged at the administrative hearing she was disabled due to her carpal tunnel syndrome (Tr. 62) and her medical records also demonstrate she suffers from the severe impairment of carpal tunnel syndrome. (Tr. 535). Notably, On April 3, 2009, Plaintiff was diagnosed at the Good Samaritan Clinic as having carpal tunnel syndrome. *Id.* Based upon this diagnosis, her physician at Good Samaritan Clinic

prescribed her a wrist splint. *Id.* Plaintiff was even wearing the split at the administrative hearing on April 16, 2009 and stated it had been prescribed by her physician at the Good Samaritan Clinic. (Tr. 62-63).

In his opinion, the ALJ recognized Plaintiff's diagnosis of carpal tunnel syndrome. (Tr. 17, Finding 2). The ALJ then found Plaintiff's carpal tunnel syndrome was non-severe. *Id.* The ALJ did not provide any basis for his finding that this impairment was non-severe. *Id.* Instead, the ALJ merely speculated that this impairment was non-severe:

> The claimant alleges bilateral carpal tunnel syndrome. The claimant's treatment records reveal a history of bilateral carpal tunnel release syndrome. *However, the medical evidence of record does not support finding that this condition imposes more than minimal limitations on the claimant's ability to perform basic work activities*. Therefore, this condition is not severe within the meaning of the regulations.

*Id* (emphasis added)*.*

The ALJ has a duty to fully and fairly develop the record in this matter. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004) (holding "[w]ell-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case"). In this case, based upon Plaintiff's medical records from the Good Samaritan Clinic, the ALJ should have included Plaintiff's carpal tunnel syndrome as a severe impairment or, at the very least, fulfilled his duty to develop the record and further investigate her claim on this issue. His failure to do so is reversible error. *See Nicola,* 480 F.3d at 887 (". . . we reject the Commissioner's argument of harmless error"). Accordingly, this case must be reversed and remanded.

4. <u>**Conclusion:**</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 10th day of July 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE